IN THE UNITED STATES DISTRICT COURT
FOR Eastern District of Kentucky

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER AUTHORIZING THE INSTALLATION AND USE OF A PEN REGISTER AND TRAP AND TRACE DEVICE | Misc. No. 5:24-MJ-5207-MAS <br><br> **Filed Under Seal** |

APPLICATION

The United States of America, moving by and through G. Todd Bradbury, its undersigned counsel, respectfully submits under seal this *ex parte* application for an order pursuant to 18 U.S.C. §§ 3122 and 3123 that authorizes the installation and use of a pen register and a trap and trace device ("pen/trap device") to record, decode, and capture dialing, routing, addressing, and signaling information associated with communications to or from the cellular telephone number described in Attachment A, which is serviced by Verizon Wireless, an electronic communications service provider headquartered in New York, New York  In support of this application, the United States asserts:

1.      This is an application, made under 18 U.S.C. § 3122(a)(1), for an order under 18 U.S.C. § 3123 authorizing the installation and use of a pen register and a trap and trace device.

2.      Such an application must include three elements: (1) "the identity of the attorney for the Government or the State law enforcement or investigative officer making the application"; (2) "the identity of the law enforcement agency conducting the investigation"; and (3) "a certification by the applicant that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by that agency." 18 U.S.C. § 3122(b).

3.      The undersigned applicant is an "attorney for the government" as defined in Rule 1(b)(1) of the Federal Rules of Criminal Procedure.

4.    The law enforcement agency conducting the investigation is the Drug Enforcement Administration.

5.    The applicant hereby certifies that the information likely to be obtained by the requested pen/trap device is relevant to an ongoing criminal investigation being conducted by the Drug Enforcement Administration (DEA) of possible violations of Title 21, United States Code, Section 846, conspiracy to distribute and/or to possess with the intent to distribute, a controlled substance, by Alejandro GALVAN-GOMEZ, aka "Alex".

6.    This Court has jurisdiction to issue the requested order because it is a "court of competent jurisdiction" under 18 U.S.C. § 3122(a)(1).  Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated.  18 U.S.C. § 3127(2)(A)(i).

<u>ADDITIONAL INFORMATION</u>

7.    Other than the three elements described above, federal law does not require that an application for an order authorizing the installation and use of a pen register and a trap and trace device specify any facts.  The following additional information is provided to demonstrate that the order requested falls within this Court's authority to authorize the installation and use of a pen register or trap and trace device under 18 U.S.C. § 3123(a)(1).

8.    A "pen register" is "a device or process which records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted."  18 U.S.C. § 3127(3).  A "trap and trace device" is "a device or process which captures the incoming electronic or other impulses which identify the originating number or other dialing, routing, addressing, and signaling information reasonably likely to identify the source of a wire or electronic communication." 18 U.S.C. § 3127(4).

2

9.      A cellular telephone, or cell phone, is a mobile device that transmits and receives wire and electronic communications.  Individuals using cell phones contract with cellular service providers, such as Verizon Wireless, who maintain antenna towers ("cell towers") covering specific geographic areas.  In order to transmit or receive calls and messages, a cell phone must send a radio signal to an antenna tower that, in turn, is connected to a cellular service provider's network.

10.      In the cellular telephone context, pen registers capture the destination phone numbers of outgoing calls or Short Message Service ("SMS") and Multimedia Message Service ("MMS") messages, while trap and trace devices capture the phone numbers of incoming calls or SMS and MMS messages (the latter of which may include text, photos, or videos).  These numbers can then be used to identify the parties to a communication without revealing the communication's contents, and they can be recorded by a pen/trap device.

11.      The dialed telephone numbers that can be captured by a pen register and trap and trace device include "post-cut-through dialed digits," which are numbers dialed after the initial call setup is completed.  For example, some post-cut-through dialed digits may be the actual telephone number called, such as when a subject places a calling card, credit card, or collect call by first dialing a carrier access number and then, after the initial call is "cut through," dialing the telephone number of the destination party.  In such cases, the final number sequence is necessary to route the call to the intended party and identifies the place or party to whom the call is being made.  Should the pen/trap device capture post-cut-through dialed digits that could be considered call content, such as dialed account numbers or passwords, despite the government's use of reasonably available technology to avoid the recording or decoding of such content, the United States will make no affirmative investigative use of such information.

12.     A cell phone can also be used to exchange SMS or MMS messages with email accounts.  The email addresses associated with those text messages can be recorded by a pen/trap device and used to identify parties to a communication without revealing the communication's contents.

13.     In addition to being assigned a unique telephone number, each cell phone has one or more unique identifiers embedded inside it.  Depending upon the cellular network and the device, the embedded unique identifiers for a cell phone could take several different forms, including an Electronic Serial Number ("ESN"), a Mobile Electronic Identity Number ("MEIN"), a Mobile Identification Number ("MIN"), a Subscriber Identity Module ("SIM"), an International Mobile Subscriber Identifier ("IMSI"), a Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), or an International Mobile Station Equipment Identity ("IMEI").  When a cell phone connects to a cell tower, it reveals its embedded unique identifiers to the cell tower, and the cell tower records those identifiers as a matter of course.  These identifiers, transmitted as part of the communication between cell phone and cell tower, can be recorded by a pen/trap device and indicate the identity of the cellular device communicating with the cell tower without revealing the communication's content.

14.     A target of this investigation, Alejandro GALVAN-GOMEZ, aka Alex, has been identified as an individual involved in the coordinated distribution of kilogram quantities of controlled substances throughout the United States. On February 13th, 2024, DEA agents and officers conducted surveillance on Alejandro GALVAN-GOMEZ as he traveled from Lexington, Kentucky to Hamilton, Ohio, to distribute kilograms of cocaine, a Schedule II controlled substance. Agents/officers witnessed GALVAN-GOMEZ transfer four vehicle batteries from a Nissan Murano he was operating to another vehicle, which was operated by Jose TALAVERA-

4

LEON. A traffic stop was conducted on TALAVERA-LEON shortly after the witnessed exchange. Law enforcement officers seized approximately 16 kilograms of suspected cocaine which were concealed within hollowed-out vehicle batteries. On May 8th, 2024, Alejandro GALVAN-GOMEZ traveled from McAllen, Texas to Columbia, South Carolina, where he ultimately delivered 10 vehicle batteries to an individual identified as Paul Fernando VILLANUEVA OCHOA. A traffic stop was conducted on VILLANUEVA OCHOA shortly after the exchange. Law enforcement officers located similar hollowed-out batteries which contained a total of approximately 40 kilograms of suspected cocaine. Investigators believe that matters relevant to the offense under investigation have been, and continue to be discussed, using Verizon Wireless cellphone number 859-382-2862.  Investigators are aware that the listed subscriber for this number is Alejandro GALVAN-GOMEZ, a target of the investigation.

15.     The conduct being investigated involves use of the cell phone number described in Attachment A.  To further the investigation, investigators need to obtain the dialing, routing, addressing, and signaling information associated with communications sent to or from that cell phone number.

16.     The pen/trap device sought by this application will record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication to or from the  cell phone number described in Attachment A, including the date, time, and duration of the communication, and the following, without geographic limit:

- Source and destination telephone numbers;

- Source and destination email addresses, when the cellular device exchanges SMS or MMS messages with an email account; and

- Any unique identifiers, including the ESN, MEIN, IMSI, IMEI, SIM, MSISDN, or MIN, associated with the cell phone device or devices used to make or receive calls or send and receive texts with cell phone number described in Attachment A.

GOVERNMENT REQUESTS

17.    For the reasons stated above, the United States requests that the Court enter an Order authorizing the installation and use of pen/trap devices to record, decode, and/or capture the dialing, routing, addressing, and signaling information described above for each communication to or from the cell phone number described in Attachment A, to include the date, time, and duration of the communication, without geographic limit.  The United States does not request and does not seek to obtain the contents of any communications, as defined in 18 U.S.C. § 2510(8).

18.    The United States further requests that the Court authorize the foregoing installation and use for a period of sixty days from the date of the Court's Order, pursuant to 18 U.S.C. § 3123(c)(1).

19.    The United States further requests, pursuant to 18 U.S.C. §§ 3123(b)(2) and 3124(a)-(b), that the Court order Verizon Wireless and any other person or entity providing wire or electronic communication service in the United States whose assistance may facilitate execution of this Order to furnish, upon service of the Order, information, facilities, and technical assistance necessary to install the pen/trap device, including installation and operation of the pen/trap device unobtrusively and with minimum disruption of normal service. Any entity providing such assistance shall be reasonably compensated by the Drug Enforcement Administration pursuant to 18 U.S.C. § 3124(c), for reasonable expenses incurred in providing facilities and assistance in furtherance of this Order.

20.     The United States further requests that the Court order Verizon Wireless and any other person or entity whose assistance may facilitate execution of this Order to notify the applicant and the Drug Enforcement Administration before terminating or changing service to the cell phone number.

21.     The United States further requests that the Court order that the Drug Enforcement Administration and the applicant have access to the information collected by the pen-trap devices as soon as practicable, twenty-four hours per day, or at such other times as may be acceptable to them, for the duration of the Order.

22.     The United States further requests, pursuant to 18 U.S.C. § 3123(d)(2), that the Court order Verizon Wireless and any other person or entity whose assistance facilitates execution of this Order, and their agents and employees, not to disclose in any manner, directly or indirectly, by any action or inaction, the existence of this application and Order, the resulting pen/trap device, or this investigation, unless and until authorized by this Court, except that Verizon Wireless may disclose this Order to an attorney for Verizon Wireless for the purpose of receiving legal advice.

23.     The United States further requests that this application and any resulting Order be sealed until otherwise ordered by the Court, pursuant to 18 U.S.C. § 3123(d)(1).

24.     The United States further requests that the Clerk of the Court provide certified copies of this Order to the Drug Enforcement Administration and Verizon Wireless upon request.

25.     The foregoing is based on information provided to me in my official capacity by agents of the Drug Enforcement Administration.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 6, 2024.


*/s/ G. Todd Bradbury*
G. Todd Bradbury
Assistant United States Attorney
Eastern District of Kentucky
260 West Vine Street, Suite 300
Lexington Kentucky 40507
859-685-4898
Gary.T.Bradbury@usdoj.gov